**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Jack Berdeaux, | ) | No. CV 10-1737-PHX-JAT |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| U.S. Department of Education Loan Discharge Unit, San Francisco CA; U.S. Department of Education Federal Offset Unit, Greenville TX; Diane Spadoni, Default Resolution U.S. Department of Education, Chicago IL, in her official and individual capacity, | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) ) ) | |

Pending before the Court are the following motions:  (1) Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim (dkt. 25); (2) Plaintiff's Motion to Amend Complaint and Case File Notice Placement for Disability Accomidations [sic] (dkt. 26); (3) Plaintiff's Motion to Amend Complaint, Discovery Request and Disability Accomidations [sic] (dkt. 29); and (4) Plaintiff's Request for Entry of Default and Application for Default Judgment (dkt. 32 & 33).  The Court has considered the pending motions, and rules as follows.

I.     **BACKGROUND**

Plaintiff's Complaint, filed on August 16, 2010, is based on a series of interactions

1   with the U.S. Department of Education[1] concerning Plaintiff's student loans.  (Dkt. 1.)

2   According to the Complaint, Plaintiff is permanently disabled, and seeks the cancellation of

3   his student loan obligations.  (Dkt. 1 at ¶ 5.)  Plaintiff states that he submitted a loan

4   discharge application in December 2002, and an updated loan discharge application in July

5   2006.  (*Id.* at ¶ 6.)  Plaintiff alleges that:  (1) Defendants "failed to properly execute process

6   and comply with policies, procedures, and applicable due process statutes related to

7   Plaintiff[']s loan discharge application"; (2) Plaintiff was not provided a formal hearing

8   despite filing a request; and (3) Defendants failed "to have the offsets reversed and refunded

9   and to have future offsets stopped."  (*Id.* at ¶¶ 6, 7.)  Plaintiff seeks damages, and requests

10  that Defendants be enjoined from garnishing Plaintiff's monthly Social Security benefits,

11  refund of all sums previously offset from these benefits, and discharge Plaintiff's student

12  loan obligations.  (*Id.* at pp. 9–10.)

13      The Complaint is peppered with citations to federal statutes, references to the

14  Constitution, and attempts at stating common law claims.  Consequently, it difficult to

15  ascertain the specific causes of action set forth in the Complaint.  Pursuant to paragraph 4 of

16  the Complaint, Plaintiff seeks relief for deprivation of his rights secured by: the Constitution;

17  the Civil Rights Act of 1866, 42 U.S.C. § 1981; Title II of the Americans with Disabilities

18  Act of 1990, 42 U.S.C. §§ 12101 *et seq.* (the "ADA"); and the Civil Rights Act of 1871, 42

19  U.S.C. § 1983.  Plaintiff also attempts to seek relief for the common law claims of

20  "interference with contract, negligence, libel, and abuse of process, malicious use of process,

21  economic oppression, false representations, and malpractice."[2]  (*Id.* at ¶ 4.)  In paragraph 1

22  of the Complaint, Plaintiff invokes federal subject matter jurisdiction under the 14th

23

24

25      [1] Pursuant to Plaintiff's notice of voluntary dismissal, Defendant Diane Spadoni has
26  been terminated as a defendant in this action.  (Dkt. 17 & 19.)

27      [2] Despite reference to all of these potential claims in paragraph 4 of the Complaint,
    Plaintiff does not set forth causes of action is separate counts.  Additionally, the Complaint
28  does not apply the factual allegations to specific causes of action.

1    Amendment; 42 U.S.C. §§ 1981, 1985, 1986, 1988; 28 U.S.C. § 1331 and 1334.[3]  (*Id.* at ¶

2    1.)

3         On March 2, 2011, Defendants were served with the Summons and Complaint (dkt.

4    22), and on April 29, 2011, Defendants filed the pending Motion to Dismiss (dkt. 25).  Less

5    than 21 days after the Motion to Dismiss was filed, Plaintiff filed a motion seeking leave to

6    amend the Complaint.  (Dkt. 26.)

7    **II.    APPLICATION FOR DEFAULT JUDGMENT**

8         Plaintiff has moved for entry of default against Defendants on the ground that "named

9    Defendants have failed to plead or otherwise defend in this action within the time allowed

10   by law."  (Dkt. 32 & 33.)  Plaintiff cites Rule 55 of the Federal Rules of Civil Procedure as

11   support for his application.  Rule 55 provides that "[w]hen a party against whom a judgment

12   for affirmative relief is sought has failed to plead or otherwise defend, . . . the clerk must

13   enter the party's default."  Fed. R. Civ. P. 55(a).  Although Defendants have not filed an

14   answer in this action, Defendants have not failed to "otherwise defend."  On April 29, 2011,

15   Defendant filed the pending Motion to Dismiss (dkt. 25), which was filed within 60 days of

16   service of the Summons and Complaint (dkt. 22).  This timely motion to dismiss, filed

17   pursuant to Rule 12(b), satisfies the "otherwise defend" portion of Rule 55.  *See* 10A Charles

18   Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2682

19   (3d ed. 2004).  Therefore, Plaintiff's application for default judgment must be denied.

20   **III.   MOTION TO DISMISS**

21        Defendants have moved to dismiss the Complaint pursuant to Rule 12(b)(1) and

22   12(b)(6) of the Federal Rules of Civil Procedure.  (Dkt. 25.)  Plaintiff filed a response in

23   opposition to Defendants' motion attempting to address the sovereign immunity issues and

24

25        [3] Plaintiff also states that diversity jurisdiction is invoked under 28 U.S.C. § 1332(a).

26   However, a federal agency, such as the Department of Education, is not a citizen of any state
     for diversity purposes.  *See Hancock Fin. Corp. v. Fed. Sav. & Loan Ins. Corp.*, 492 F.2d

27   1325, 1329 (9th Cir. 1974) (finding that because an entity was an agency of the Federal

28   Government, it was the citizen of no state for diversity purposes).

1   generally denying Defendants' arguments.[4]  (Dkt. 27.)  The Motion to Dismiss is fully
2   briefed, and for the reasons that follow, the Court will dismiss the Complaint.

3       **A.    Legal Standards**

4       The following legal standards will be applied by the Court in connection with the
5   Motion to Dismiss.

6           *1.    Rule 12(b)(1)*

7       "Federal Rule of Civil Procedure 12(b)(1) allows litigants to seek the dismissal of an
8   action from federal court for lack of subject matter jurisdiction. . . . When subject matter
9   jurisdiction is challenged under Federal Rule of [Civil] Procedure 12(b)(1), the plaintiff has
10  the burden of proving jurisdiction in order to survive the motion." *Tosco Corp. v.*
11  *Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001) *overruled on other*
12  *grounds by Hertz Corp. v. Friend*, __ U.S.__, 130 S. Ct. 1181 (2010).  Federal courts are
13  courts of limited jurisdiction, and can only hear those cases authorized by the Constitution
14  and by statute; namely, cases involving diversity of citizenship, a federal question, or cases
15  to which the United States is a party.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511
16  U.S. 375, 377 (1994).  "It is to be presumed that a cause lies outside this limited jurisdiction,
17  and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.*
18  (internal citations omitted).  Accordingly, on a motion to dismiss for lack of subject matter
19  jurisdiction, the plaintiff must demonstrate that subject matter jurisdiction exists to defeat
20  dismissal.  *See A-Z Int'l v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003) (citing *Stock W.,*
21  *Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989)).

22      As a general rule, the United States may not be sued unless it has waived its sovereign
23  immunity.  *Bramwell v. U.S. Bureau of Prisons*, 348 F.3d 804, 806 (9th Cir. 2003).
24  Accordingly, unless the United States consents to be sued, the Court lacks subject matter

25

26      [4]  Contrary to Plaintiff's objection to Defendants' purported "paraphrasing" of
    Plaintiff's allegations in the Complaint, the Court notes that with one minor exception (the
27  insertion of the word "his" in the quotation on page 2), Defendants have accurately quoted
28  the allegations in the Complaint.

1   jurisdiction over claims against the Federal Government. *United States v. Sherwood*, 312

2   U.S. 584, 586 (1941); *Consejo de Desarrollo Economico de Mexicali, A.C. v. United States*,

3   482 F.3d 1157, 1173 (9th Cir. 2007) ("A court lacks subject matter jurisdiction over a claim

4   against the United States if it has not consented to be sued on that claim.") (citing *McCarthy

5   v. United States*, 850 F.2d 558, 560 (9th Cir. 1998)). The doctrine of sovereign immunity

6   applies to federal agencies and to federal employees acting within their official capacities.

7   *Hodge v. Dalton* 107 F.3d 705, 707 (9th Cir. 1997) (citing *S. Delta Water Agency v. U.S.,

8   Dep't of Interior*, 767 F.2d 531, 536 (9th Cir. 1985)).

9         "A waiver of the Federal Government's sovereign immunity must be unequivocally

10  expressed in statutory text, and will not be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996)

11  (internal citations omitted). Any limitations and conditions upon the waiver must be strictly

12  observed. *Hodge*, 107 F.3d at 707. Moreover, the Court construes any ambiguities in the

13  scope of such waiver in favor of immunity. *Lane*, 518 U.S. at 192 (citing *United States v.

14  Williams*, 514 U.S. 527, 531 (1995)).

15        Normally, on a Rule 12(b)(1) motion, the Court is "free to hear evidence regarding

16  jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary,

17  [and] no presumptive truthfulness attaches to plaintiff's allegations." *Roberts v. Corrothers*,

18  812 F.2d 1173, 1177 (9th Cir. 1987) (internal quotations and citations omitted). However,

19  when the jurisdictional issue is dependant on the resolution of factual issues relating to the

20  merits of the case, the Court applies the Rule 12(b)(6) standard of assuming that all of the

21  allegations in the complaint are true. *Id*.

22              2.     *Rule 12(b)(6)*

23        To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet

24  the requirements of Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a

25  "short and plain statement of the claim showing that the pleader is entitled to relief," so that

26  the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests."

27  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S.

28  41, 47 (1957)). The pleading standard in Rule 8 "demands more than an unadorned,

the-defendant- unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555). A complaint that offers nothing more than naked assertions will not suffice. *Id.* To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, if accepted as true, states "a claim to relief that is plausible on its face." *Id.* Although a complaint attacked for failure to state a claim does not need detailed factual allegations, the pleader's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). The factual allegations of the complaint must be sufficient to raise a right to relief above a speculative level. *Id.*

In deciding a motion to dismiss under Rule 12(b)(6), the Court must construe the facts alleged in the complaint in the light most favorable to the drafter of the complaint, and the Court must accept all well-pleaded factual allegations as true. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Nonetheless, the Court does not have to accept as true a legal conclusion couched as a factual allegation, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or an allegation that contradicts facts that may be judicially noticed by the Court, *Shwarz*, 234 F.3d at 435.

The dismissal of claims under Rule 12(b)(1) should be addressed before reasons for dismissal under Rule 12(b)(6). *See* 5 Wright, *Federal Practice and Procedure* § 1350, at 138–39 ("[W]hen the motion is based on more than one ground, the cases are legion stating the district court should consider the Rule 12(b)(1) challenge first because if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined by the judge.").

## B.   Analysis

For the reasons that follow, the Court will grant Defendants' Motion to Dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. As discussed below, the Court finds that amendment of the Complaint would be futile with respect to claims dismissed pursuant to Rule 12(b)(1), but the Court will permit

1    Plaintiff to amend the Complaint with respect to the claims dismissed pursuant to Rule
2    12(b)(6).

3                        *1.     Plaintiff's Negligence Claims*

4            Defendants argue that to the extent Plaintiff has pled a cause of action or causes of
5    action for negligence, such as libel, false representations, malpractice or other cognizable tort
6    claims, the Court lacks jurisdiction to hear such claims, because Plaintiff has failed to file an
7    administrative claim as required by the Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et seq.*
8    ("FTCA").  The FTCA "waive[s] the United States' sovereign immunity for claims arising
9    out of torts committed by federal employees."  *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214,
10   217–18 (2008).  The FTCA authorizes private tort actions against the United States "under
11   circumstances where the United States, if a private person, would be liable to the claimant
12   in accordance with the law of the place where the act or omission occurred."  28 U.S.C. §
13   1346(b)(1); *see United States v. Olson*, 546 U.S. 43, 44 (2005).

14           However, the FTCA provides that an "action shall not be instituted upon a claim
15   against the United States for money damages" unless the claimant has first exhausted his
16   administrative remedies.  28 U.S.C. § 2675(a); *see McNeil v. United States*, 508 U.S. 106,
17   107 (1980).  "The purpose of the FTCA's administrative claim procedure is 'to encourage
18   administrative settlement of claims against the United States and thereby to prevent an
19   unnecessary burdening of the courts.'"  *Brady v. United States*, 211 F.3d 499, 503 (9th Cir.
20   2000) (quoting *Jerves v. United States*, 966 F.2d 517, 520 (9th Cir. 1992)).  A plaintiff
21   exhausts his administrative remedies by filing an administrative claim under the FTCA, and
22   awaiting the rejection of the claim or the passage of six months, whichever occurs first,
23   before instituting an action in district court.  28 U.S.C. § 2675(a); *see Brady*, 211 F.3d at 502.
24   "The requirement of an administrative claim is jurisdictional."  *Brady*, 211 F.3d at 502.

25           Plaintiff conflates his applications for discharge of his student loan obligations with
26   a claim alleging torts committed by Defendants, and repeatedly argues that his applications
27   for disability discharge constitute administrative claims brought under the FTCA.  (Dkt. 27
28   at p. 10; Dkt. 30 at p. 11.)  Plaintiff is mistaken.  Plaintiff's applications for disability

discharge do not constitute administrative claims within the meaning of the FTCA, 28 U.S.C. § 2675(a), and Plaintiff has not alleged that he filed an administrative claim with the Department of Education setting forth his claims of negligence. Plaintiff did not present an administrative claim to the Department of Education. Accordingly, Plaintiff has failed to satisfy the statutory requirements that he must file an administrative claim, and have it finally denied by the agency in writing, before filing a complaint in district court. Therefore, the Court lacks subject matter jurisdiction over Plaintiff's claims of negligence.

In February 2007, Plaintiff alleges that he resubmitted a Statement of Financial Status to Defendants, but that it was not processed. (Dkt. 1 at p. 4.) All other allegations in the Complaint concern events occurring prior to this date. As Defendants correctly point out, based on the allegations in the Complaint, it would be futile for Plaintiff to submit an FTCA claim to the Department of Education now and then file a new lawsuit, because the two-year statute of limitations has run on his negligence claims, 28 U.S.C. § 2401(b).

Therefore, the Court will grant Defendants' motion to dismiss Plaintiff's claims arising out of negligence, because Defendants are immune from suit due to Plaintiff's failure to file an administrative claim as required by the FTCA. Further, the Court finds that amendment of the Complaint would be futile, because Plaintiff has failed to show that he filed an administrative claim under the FTCA. The Court lacks subject matter jurisdiction over Plaintiff's claims of negligence, and dismissal with prejudice is appropriate.

### 2.   *Plaintiff's Intentional Tort Claims*

In addition to claims arising out of negligence, Plaintiff also attempts to set forth claims for the intentional torts of interference with contract, libel, abuse of process, malicious use of process, false representations, and intentional misrepresentation. (Dkt. 1 at ¶ 4.) As Defendants' point out in the Motion to Dismiss, the FTCA's limited waiver of sovereign immunity does not extend to "[a]ny claim arising out of . . . abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights."  28 U.S.C. § 2680(h). Accordingly, Defendants have not waived sovereign immunity with respect to Plaintiff's intentional tort claims, and the these claims must be dismissed, because the Court lacks

1    subject matter jurisdiction.  Leave to amend the Complaint to re-allege intentional tort claims

2    would be futile, because the Court lacks subject matter jurisdiction over such claims.

3                          *3.*     *Plaintiff's ADA Claims*

4           Throughout the Complaint, Plaintiff seeks relief and damages under the ADA for

5    Defendants' failure to process and approve Plaintiff's applications for disability discharge.

6    Defendants argue that the ADA does not apply to the Federal Government; therefore, the

7    Court lacks subject matter jurisdiction over Plaintiff's ADA claims.  The Court agrees, and

8    will grant the Motion to Dismiss with respect to these claims.

9           Plaintiff refers to Title II of the ADA as the basis for his claims under the ADA.  Title

10   II provides that "no qualified individual with a disability shall, by reason of such disability,

11   be excluded from participation in or be denied the benefits of the services, programs, or

12   activities of a public entity."  42 U.S.C. § 12132.  Title II defines a "public entity" as "any

13   State or local government" and "any department . . . of a State or States or local

14   government."  *Id.* § 12131(1).  The Federal Government is excluded from the definition of

15   a public entity; therefore, Defendants have not abrogated sovereign immunity under Title II

16   of the ADA.

17          Plaintiff has failed in his burden to establish that the Court has subject matter

18   jurisdiction over claims against Defendants under the ADA.  Moreover, even though Plaintiff

19   repeatedly refers to Title II of the ADA in the Complaint, none of three titles of the ADA

20   apply to the Federal Government.[5]  As described above, Defendants are immune from suit,

21

22          [5] Title I of the ADA provides that "[n]o covered entity shall discriminate against a
23   qualified individual on the basis of disability in regard to job application procedures."  42
     U.S.C. § 12112(a).  The term "covered entity" means "an employer, employment agency,
24   labor organization, or joint labor-management committee."  *Id.* § 12111(2).  As used in the
     definition of "covered entity," the term "employer" explicitly "does not include the United
25   States."  *Id.* § 12111(5)(B)(i).  Therefore, Defendants are immune from suit under Title I of
26   the ADA.
            Title III of the ADA provides that "[n]o individual shall be discriminated against on
27   the basis of disability in the full and equal enjoyment of the goods, services, facilities,
28   privileges, advantages, or accommodations of any place of public accommodation."  *Id.* §

1   and the Court lacks federal subject matter jurisdiction over Plaintiff's ADA claims.
2   Therefore, dismissal is appropriate.  Leave to amend the Complaint would be futile due to
3   the Court's lack of subject matter jurisdiction.

4                  *4.      Plaintiff's Civil Rights Claims*

5          Plaintiff attempts to allege claims for violations of his civil rights pursuant to 42
6   U.S.C. §§ 1981, 1983, 1985, 1986, and 1988.  (Dkt. 1 at ¶¶ 1, 4.)  In the Complaint, Plaintiff
7   also refers to the Civil Rights Act of 1871, which has been predominately codified in 42
8   U.S.C. § 1983, and the Civil Rights Act of 1866, which Plaintiff links with 42 U.S.C. § 1981.
9   Defendants move to dismiss Plaintiff's civil rights claims on the ground that the Court lacks
10  subject matter jurisdiction, because the civil rights statutes do not provide a waiver of
11  sovereign immunity.  Plaintiff responds that the sovereign immunity issue is "defective and
12  not germane to this case," and that "[t]he Constitution allows federal district Courts to hear
13  cases involving any rights or obligations that arise from the Constitution or other federal
14  law."  (Dkt. 27 at p. 2.)  Plaintiff articulates the Court's jurisdiction over federal questions.
15  28 U.S.C. § 1331.  However, regardless of the Court's limited jurisdiction, Plaintiff fails to
16  cite any authority indicating that the Federal Government has unequivocally waived
17  sovereign immunity under the civil rights statutes.

18         As Defendants point out, federal case law is clear that the civil rights statutes do not
19  apply to actions against the Federal Government, and do not provide a basis for finding a
20  waiver of sovereign immunity.  *See Brown v. Gen. Serv. Admin.*, 425 U.S. 820, 827 n.8
21  (1976) (noting that "sovereign immunity would, of course, also bar claims against federal
22  agencies for damages and promotion brought under the Civil Rights Act of 1866, as

23

24  12182(a). Title III defines "public accommodation" as including, among other things, hotels,
25  restaurants, auditoriums, museums, schools, and public transportation stations.  *Id.* §
    12181(7).  The allegations in the Complaint do not involve a public accommodation.
26  Further, "[u]nder Title III, . . . no method exists by which a party may file suit against the
27  federal government in a private cause of action for a violation of the terms of the ADA."
    *Gray v. United States*, 69 Fed. Cl. 95, 101 n.5 (Fed. Cl. 2005) (citing 42 U.S.C. §§
28  12181–89).

1    amended, 42 U.S.C. § 1981, and under the general federal-question jurisdictional grant of 28

2    U.S.C. § 1331"); *see also Davis v. U.S. Dep't of Justice*, 204 F.3d 723, 726 (7th Cir. 2000)

3    ("Sovereign immunity[] bars §§ 1985(3) and 1986 suits brought against the United States and

4    its officers acting in their official capacity."); *Affiliated Prof'l Home Health Care Agency v.*

5    *Shalala*, 164 F.3d 282, 286 (5th Cir. 1999) (explaining that the Fifth Circuit "has long

6    recognized that suits against the United States brought under the civil rights statutes [42

7    U.S.C. §§ 1981, 1983, 1985, 1986, 1988] are barred by sovereign immunity"); *United States*

8    *v. Timmons*, 672 F.2d 1373, 1380 (11th Cir. 1982) ("It is well established in this circuit that

9    the United States has not waived its immunity to suit under the provisions of the civil rights

10   statutes."). Although the Ninth Circuit has not weighed in on the civil rights statutes' effect

11   on sovereign immunity, Plaintiff has not pointed to, and the Court has not found, any cases

12   contradicting this consistent line of authority.

13          Further, pursuant to Rule 12(b)(6), Plaintiff fails to state a claim upon which relief can

14   be granted under 42 U.S.C. §§ 1981 and 1983. With respect to Plaintiff's claims under 42

15   U.S.C. § 1981, subsection (c) of the statute provides that "rights protected by this section are

16   protected against impairment by nongovernmental discrimination and impairment *under*

17   *color of State law*." 42 U.S.C. § 1981(c) (emphasis added). By its language, 42 U.S.C. §

18   1981 does not apply to actions taken under color of federal law. Similarly, Plaintiff's claims

19   under 42 U.S.C. § 1983 fail to state a claim upon which relief can be granted. "To state a

20   claim for relief in an action brought under § 1983, respondents must establish that they were

21   deprived of a right secured by the Constitution or laws of the United States, and that the

22   alleged deprivation was committed *under color of state law*." *Am. Mfrs. Mut. Ins. Co. v.*

23   *Sullivan*, 526 U.S. 40, 49–50 (1999) (emphasis added). Plaintiff fails to allege how

24   Defendants' actions were committed under color of state law.

25          In summary, because Defendants have not waived sovereign immunity for claims

26   arising under the civil rights statutes, the Court lacks subject matter jurisdiction and will

27   grant Defendants' Motion to Dismiss with respect to the statutory civil rights claims in the

28   Complaint. Leave to amend the Complaint would be futile, because Defendants have not

1    waived sovereign immunity.

2                    5.    *Plaintiff's Claims Under the Constitution*

3            Defendants argue that Plaintiff's constitutional claims should be dismissed pursuant

4    to Rule 12(b)(6), because Plaintiff has failed to plead sufficient factual allegations to state

5    a claim for relief that is plausible on its face.  Plaintiff refers to the Fifth and Fourteenth

6    Amendments in the Complaint, but it is unclear how and which rights were allegedly violated

7    by Defendants' conduct.

8            As an initial matter, Plaintiff's claims under the Fourteenth Amendment must be

9    dismissed, because the Fourteenth Amendment does not apply to actions taken by the Federal

10   Government.  The Fourteenth Amendment provides, in relevant part: "*No state* shall make

11   or enforce any law which shall abridge the privileges or immunities of citizens of the United

12   States; nor shall *any state* deprive any person of life, liberty, or property, without due process

13   of law; nor deny to any person within its jurisdiction the equal protection of the laws."  U.S.

14   Const. amend. XIV, § 1 (emphasis added).  The Fourteenth Amendment applies to actions

15   by a State, not to actions by the Federal Government.  *S.F. Arts & Athletics, Inc. v. U.S.*

16   *Olympic Comm.*, 483 U.S. 522, 543 n.21 (1987).  Accordingly, leave to amend the Complaint

17   would be futile.

18           With respect to Plaintiff's claims for violations of rights protected by the Fifth

19   Amendment, Defendants argue that the Complaint fails to provide sufficient factual

20   information, which if accepted as true, would state a claim for relief that is plausible on its

21   face.  Defendants cite to three potential bases for Plaintiff's constitutional claims, and argue

22   that each of these bases fails to state a claim upon which relief can be granted.

23           First, the Complaint contains the conclusory allegation that "Defendant Loan

24   Discharge Unit failed to properly execute process and comply with policies, procedures, and

25   applicable due process statutes related to Plaintiff's Loan Discharge Application: Total and

26   Permanent Disability on two separate submissions."  (Dkt. 1 at p. 3.)  Based on the

27   allegations in the Complaint, the Court surmises that Plaintiff applied on two occasions for

28   the discharge of his student loan obligations due to his alleged disability, and the Department

of Education denied Plaintiff's applications.  Plaintiff does not refer to the specific policies, procedures or processes that allegedly were not properly executed or complied with in connection with the denial of his applications, and Plaintiff fails to allege how Defendants violated Plaintiff's rights by denying his application.  Certainly, a denial of an application does not result automatically in a constitutional violation.  Plaintiff's conclusory allegation that Defendants did not follow policies, procedures and processes fails to provide sufficient factual information to state a claim that is plausible, as required by *Iqbal* and *Twombly*.

Second, Plaintiff alleges that he "was not provided a formal hearing, although Plaintiff filed the proper hearing documentation paperwork requesting a hearing on September 02, 2005." (Dkt. 1 at p. 4.)  According to the Complaint, in response to Plaintiff's hearing request, Defendants sent Plaintiff another loan discharge application for completion.  (*Id.*) Defendants refer the Court to the regulations governing the Department of Education's oral hearing process, 34 C.F.R. § 30.25.  Assuming that Plaintiff's request for a hearing contained the information required in the regulations, which from the face of the Complaint is unclear, the Complaint fails to allege that a hearing was warranted, because the debt waiver issue involved issues of credibility or veracity, or that the documentary evidence was inadequate to resolve the debt waiver issue.  *Id.* § 30.25(c)–(d).  Accordingly, the Court finds the conclusory allegation that the failure to give Plaintiff an oral hearing violated Plaintiff's constitutional rights is insufficient to state a claim that is plausible on its face.

Third, Plaintiff alleges that, on at least two occasions, he submitted information in a Statement of Financial Status "to have the offsets reversed and refunded and to have future offsets stopped, [but] neither submission was processed." (Dkt. 1 at p. 4.)  According to the Complaint:

> Defendant failed to take appropriate action to have the offsets stopped and a reimbursement of due to a faulty offset process and fail to take appropriate action to process the Loan Discharge Application . . . and particularly the failure to train the agency employees in the correct process for processing loan discharge request.

(*Id.* at pp. 4–5) (errors in original).  Defendants contend that these allegations fail to state a claim upon which relief can be granted, because the Department of Education's decision to

1  compromise claims is discretionary, not mandatory.  Defendants direct the Court to the
2  statute governing the collection and compromise of claims, which provides "[t]he head of an
3  executive, judicial, or legislative agency . . . *may compromise* a claim of the Government of
4  not more than $100,000 . . . and *may suspend or end* collection on a claim referred to in
5  clause (2) of this subsection when it appears that no person liable on the claim has the present
6  or prospective ability to pay a significant amount of the claim." 31 U.S.C. § 3711(a)(2)–(3)
7  (emphasis added).  Plaintiff fails to allege why he was entitled to a cancellation and refund
8  of offsets to his Social Security income.   Additionally, he fails to allege how his
9  constitutional rights were violated by the discretionary denial of his request.  Therefore, the
10 Court finds that Plaintiff has failed to allege sufficient facts to state a claim for the violation
11 of his constitutional rights that is plausible on its face with respect to the cancellation and
12 refund of the offsets.

13       For the reasons set forth above, the Court will dismiss Plaintiff's constitutional claims.
14 Because the Court is dismissing Plaintiff's claims for violations of his rights under the Fifth
15 Amendment under Rule 12(b)(6), Plaintiff will be permitted to amend the Complaint to
16 correct the deficiencies noted in this Order.

17              *6.      Effect of Administrative Procedure Act*

18       In his response to the Motion to Dismiss, Plaintiff argues that the Court may make a
19 final decision in this action, "because [C]ongress waived sovereign immunity in cases
20 seeking injunctive or other nonmonetary relief against the United States in a 1976
21 amendment to the Administrative Procedure Act (5 U.S.C. §§ 702–703)." (Dkt. 27 at p. 7.)
22 Defendants reply that the Complaint does not allege the Administrative Procedure Act, 5
23 U.S.C. § 704 ("APA"), as a basis for subject matter jurisdiction; therefore, dismissal is
24 appropriate. (Dkt. 28 at p. 1.) Defendants's position is correct.  Plaintiff's failure to include
25 an APA claim in the Complaint (or even a citation to the APA) bars Plaintiff from relying
26 on the APA as a basis of jurisdiction.

27              *7.     Conclusion*

28       Due to Defendants' sovereign immunity, the Court lacks subject matter jurisdiction

1    over Plaintiff's common law claims, Plaintiff's claims under the ADA, and Plaintiff's claims

2    under the civil rights statutes.  Due to Defendants' sovereign immunity, amendment of the

3    Complaint to re-allege these claims would be futile.  As noted above, Plaintiff has failed to

4    state a claim upon which relief can be granted with respect to the purported violations of

5    Plaintiff's constitutional rights.  Therefore, the Court will grant Defendants' Motion to

6    Dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and failure to state

7    a claim upon which relief can be granted pursuant to Rule 12(b)(6).

8    **V.    MOTIONS TO AMEND**

9         Pending before the Court are two Motions to Amend the Complaint filed by Plaintiff.

10   The first Motion to Amend was filed immediately after Defendants' Motion to Dismiss (dkt.

11   26), and the second Motion to Amend, with proposed Amended Complaint attached, was

12   filed after the Motion to Dismiss was fully briefed and while the first Motion to Amend was

13   still pending (dkt. 29).

14        **A.    Plaintiff's First Motion to Amend**

15        Instead of simply amending his Complaint within 21 days after service of Defendants'

16   Motion to Dismiss, as permitted by Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure,

17   Plaintiff filed a motion seeking the Court's leave to file an amended complaint, as permitted

18   by Rule 15(a)(2).  Rule 15(a) permits a party to amend its pleading once as a matter of

19   course, and further provides that "[t]he court should freely give leave when justice so

20   requires."  Fed. R. Civ. P. 15(a).  To the extent that an amended complaint would have been

21   timely, because Plaintiff's first Motion to Amend was filed within 21 days of the Motion to

22   Dismiss, and because Plaintiff has not amended the Complaint once as a matter of course,

23   the Court will grant the Motion to Amend.  However, Plaintiff's amended complaint may not

24   re-allege claims over which the Court does not have subject matter jurisdiction.

25        **B.    Plaintiff's Second Motion to Amend**

26        Plaintiff filed a second motion seeking the Court's leave to file an amended complaint

27   while the first Motion to Amend was still pending.  (Dkt. 29.)  The Court will deny this

28   motion as moot.  However, the Court will address deficiencies in the proposed amended

1  complaint (dkt. 29-1) in an effort to provide Plaintiff with guidance in amending the
2  Complaint.

### 1.    Federal Tort Claims Act

4  As noted above, Plaintiff argues that he exhausted his administrative remedies under
5  the FTCA by filing "a claim for the past five years." (Dkt. 27 at p. 10.)  Plaintiff continues
6  to maintain that he "filed a timely claim after the Defendant agency denied or rejected . . .
7  his claim." (Dkt. 30 at p. 11.)  Defendants deny receiving an FTCA claim filed by Plaintiff
8  (dkt. 25-1, Ex. 1), and maintain that Plaintiff's applications for disability discharge do not
9  constitute administrative claims filed under the FTCA (dkt. 28 at p. 4).  Because Plaintiff did
10 not file an administrative claim, timely or otherwise, under the FTCA, leave to amend the
11 Complaint to state claims arising out of negligence would be futile.

### 2.    Section 504 of the Rehabilitation Act

13 With respect to Plaintiff's attempt to add claims under Section 504 of the
14 Rehabilitation Act of 1973, 29 U.S.C. § 794(a), the Supreme Court has held that the Federal
15 Government did not waive its sovereign immunity against awards of monetary damages for
16 violations of the Rehabilitation Act.  *Lane v. Pena*, 518 U.S. 187, 193 (1996) (confirming
17 that a waiver of sovereign immunity "will be strictly construed, in terms of its scope, in favor
18 of the sovereign"); *Dep't of Treasury v. Fed. Labor Relations Auth.*, 521 F.3d 1148, 1154
19 (9th Cir. 2008).  Therefore, leave to amend the Complaint to state a cause of action under
20 Section 504 of the Rehabilitation Act would be futile, because the Court lacks subject matter
21 jurisdiction to award damages to Plaintiff under the Rehabilitation Act.

### 3.    Administrative Procedure Act

23 Plaintiff seeks to amend the Complaint to add the APA as a basis for the Court's
24 jurisdiction.  Under the APA, "sovereign immunity does not bar adjudication of [plaintiff]'s
25 constitutional claims, because Congress has expressly waived such immunity." *Veterans for*
26 *Common Sense v. Shinseki*, 644 F.3d 845, 865 (9th Cir. 2011) (citing 5 U.S.C. § 702).  As
27 the Supreme Court has held with regard to the APA, "complaints [for] declaratory and
28 injunctive relief [are] certainly not actions for money damages." *Bowen v. Massachusetts*,

487 U.S. 879, 893 (1988); *see Shinseki*, 644 F.3d at 865 (finding that the plaintiff's request for declaratory relief and injunction fit squarely within the APA's waiver of sovereign immunity).   "However, the APA's waiver of sovereign immunity contains several limitations." *Gallo Cattle Co. v. U.S. Dep't of Agric.*, 159 F.3d 1194, 1198 (9th Cir. 1998). Section 704 of the APA provides that only "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court, are subject to judicial review."   5 U.S.C. § 704; *see Gallo Cattle*, 159 F.3d at 1198.

Defendants argue that even if Plaintiff amended the Complaint to include the APA as a basis for federal subject matter jurisdiction, an APA claim would fail because there has been no final agency decision.   (Dkt. 28 at pp. 1–2.)   With respect to whether a decision is final, the Supreme Court has stated:

> As a general matter, two conditions must be satisfied for agency action to be final:   First, the action must mark the consummation of the agency's decisionmaking process—it must not be of a merely tentative or interlocutory nature.   And second, the action must be one by which rights or obligations have been determined, or from which legal consequences will flow.

*Bennett v. Spear*, 520 U.S. 154, 177–78 (1997) (internal citations and quotations omitted). According to Defendants, after Plaintiff's initial application for disability discharge was received, Defendants requested specific information from Plaintiff's physician, which request was not entirely fulfilled.   (Dkt. 28 at pp. 2–3.)   Defendants state that Plaintiff refused to provide additional information requested by the Department of Education, which resulted in an incomplete application.   (*Id.*)   Plaintiff argues in his reply to the Motion to Amend that he received a letter from Defendants stating that his request for discharge was denied.   (Dkt. 30 at p. 6.)   Neither party addresses whether an appeal of the application denial or reconsideration of the denial was available with respect to Plaintiff's application; nor is it clear what would constitute a final decision by the Department of Education with respect to Plaintiff's application.   Therefore, the Court cannot state that an amendment to the Complaint to state an APA claim would be futile.

### 4.   Request for Discovery

In addition to requesting leave to amend the Complaint, Plaintiff also requests leave

1    to serve discovery requests upon Defendants, because Defendants have not filed an answer
2    to the Complaint.  (Dkt. 29 at pp. 1–2.)  Plaintiff's discovery requests are denied as
3    premature, because the Court has not set a Rule 16 conference in this action and the parties'
4    initial disclosures following a Rule 26(f) conference are not due.  Further, Defendants are not
5    required to answer the Complaint while the Motion to Dismiss is pending.  Fed. R. Civ. P.
6    12(a)(4).

7                    *5.      Request for Counsel*

8            Plaintiff also requests "an advisory attorney" be appointed as a disability
9    accommodation.  (Dkt. 29 at p. 2.)  "Motions for appointment of counsel under [28 U.S.C.]
10   section 1915 are addressed to the sound discretion of the trial court and are granted only in
11   exceptional circumstances."  *United States v. McQuade,* 647 F.2d 938, 940 (9th Cir. 1981)
12   (citing *United States v. McQuade,* 579 F.2d 1180, 1181 (9th Cir. 1978)).  "A finding of
13   exceptional circumstances requires an evaluation of both the likelihood of success on the
14   merits and the ability of the petitioner to articulate his claims pro se in light of the complexity
15   of the legal issues involved.  Neither of these factors is dispositive and both must be viewed
16   together before reaching a decision."  *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991)
17   (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).  Further, there is no
18   absolute right to counsel in civil proceedings.  *Hedges v. Resolution Trust Corp.,* 32 F.3d
19   1360, 1363 (9th Cir. 1994).

20          The facts alleged in the Complaint and the issues raised by Plaintiff are not of
21   substantial complexity.  The lack of evidence in support of Plaintiff's claims makes it
22   extremely unlikely that Plaintiff will succeed on the merits.  Therefore, the Court will not
23   appoint counsel for Plaintiff.

24   **V.      CONCLUSION**

25          For the reasons set forth above, the Court will grant Defendants' Motion to Dismiss
26   with prejudice with respect to claims dismissed pursuant to Rule 12(b)(1), and without
27   prejudice with respect to claims dismissed pursuant to Rule 12(b)(6).  Because Plaintiff has
28   not amended the Complaint once as a matter of course, the Court will give Plaintiff leave to

1    file an amended complaint.

2         Accordingly,

3         **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss for Lack of Subject

4    Matter Jurisdiction and Failure to State a Claim (dkt. 25) is **GRANTED**.

5         **IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend Complaint and Case

6    File Notice Placement for Disability Accomidations [sic] (dkt. 26) is **GRANTED**.  Plaintiff

7    may file an amended complaint within **14 days** of this Order.  If Plaintiff does not file an

8    amended complaint within 14 days, then the Clerk of the Court shall, without further court

9    order, dismiss this case with prejudice.

10        **IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend Complaint,

11   Discovery Request, and for Disability Accomidations [sic] (dkt. 29) is **DENIED** as moot.

12        **IT IS FINALLY ORDERED** that Plaintiff's Request for Entry of Default and

13   Application for Default Judgment (dkt. 32 &33) is **DENIED**.

14        DATED this 2nd day of September, 2011.

15

16

17                                    _____

18                                         James A. Teilborg
                                      United States District Judge
19

20

21

22

23

24

25

26

27

28

- 19 -